## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| PAYAM KATEBIAN, and | ) | |
| MORTEZA KATEBIAN, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Hon. |
| -against- | ) | |
| | ) | |
| SEAN WALSH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | )| | |

## COMPLAINT AND JURY DEMAND

Plaintiffs PAYAM KATEBIAN and MORTEZA KATEBIAN state the following as their Complaint against Defendant Sean Walsh:

## PARTIES, JURISDICTION, AND VENUE

1.  Payam Katebian is an individual residing in Canada.

2.  Morteza Katebian is an individual residing in California.  (Collectively, Payam Katebian and Morteza Katebian are the "Katebians" or "Plaintiffs")

3.  Defendant Sean Walsh ("Defendant" or "Walsh") is an individual citizen of the state of Texas.

4.  Walsh is attorney licensed in Michigan and admitted to practice in this Court.

5.     The allegations of legal malpractice in this Complaint arise out of Defendant's representation of Plaintiffs in a civil action that was filed and litigated in this Court.

6.     The amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00).

7.     This Court has jurisdiction over the subject matter of this action based on diversity of citizenship. 28 U.S.C. § 1332.

8.     This Court has personal jurisdiction over Walsh because he transacted business within Michigan; took acts and omissions in Michigan that resulted in an action for tort; and entered a contract to provide legal services in Michigan.  Mich Comp. Laws Ann. § 600.705.

9.     This court is a proper venue for this action because a substantial part of the events or omissions giving rise to the claim occurred in Michigan.  28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

10.     On August 31, 2020, Skymark Properties Corporation, Inc., and other plaintiffs (the "Underlying Plaintiffs") filed a complaint in this Court against the Katebians, and  other defendants (the "Underlying Defendants"), in an action styled *Skymark  Properties Corporation, Inc., et al v. Katebian, et al*.  U.S. District Court Case No. 2:20-cv-12372-DRG (the "Underlying Action").

11.     Plaintiffs retained Walsh to represent them in September 2020.  Walsh knew when the answer to the complaint was due, had agreed to represent Plaintiffs, but did not timely file an appearance in the case or an answer to the complaint in the Underlying Action.

12.     Predictably, Underlying Plaintiffs filed a default against the Katebians in the Underlying Action.

13.     On October 25, 2020, Defendant filed an appearance on behalf of the Katebians and Underlying Defendants in the Underlying Action.

14.     After his appearance, Walsh had to have the default set aside.

15.     Walsh filed a Motion to Set Aside Default on October 25, 2020, but the pleading was stricken for failure to upload the correct PDF.

16.     Walsh did eventually correct the error and the default was set aside.

17.     On July 21, 2021, Underlying Plaintiffs filed a Motion to Show Cause Why Defendants Should Not Be Held in Contempt.

18.     On August 9, 2021, Underlying Plaintiffs filed a motion for sanctions against the Defendants.

19.     On September 9, 2021, Underlying Plaintiffs filed a cross motion to Strike Scandalous Pleadings filed by Walsh.

20.     On October 13, 2021 and October 18, 2021, Underlying Plaintiffs filed two more motions for sanctions due to Walsh's failure to respond to discovery.

3

21.     On February 2, 2022, Underlying Plaintiffs filed another motion for sanctions as well as a request for the default of the Katebians.

22.     On March 4, 2022, Underlying Plaintiffs filed another motion to compel discovery specifically from the Katebians.

23.     The Katebians paid to defend these numerous motions for sanctions and to compel discovery.  But the motions were filed not due to the acts or omissions of the Katebians, but instead due to the errors of Walsh.

24.     The Katebians turned over all discovery documents to Walsh when discovery requests were received by the Katebians.

25.     However, Walsh neglected or delayed turning over documents and other discovery responses to Underlying Plaintiffs, thus resulting in the Katebians expending money defending motions to compel, motions to strike, and other motions that were caused by Walsh's failure to litigate in a timely or proper manner.

26.     Walsh billed excessive hours for tasks he claimed to perform in the case.

27.     Walsh billed for services he did not actually perform.

28.     Walsh billed for time that was not reasonably necessary to advance the Katebians defenses in the Underlying Action.

29.     Walsh failed to tell the Katebians about material developments in the case; and failed to get the Katebians' informed consent about decisions in the case that are properly the subject of client control.

30.     As a result and consequence of Walsh's professional negligence and breach of his fiduciary duty, the Katebians have suffered damages, including, but not limited to paying excessive and unnecessary legal fees.

## COUNT I – PROFESSIONAL NEGLIGENCE (LEGAL MALPRACTICE)

31.     Plaintiffs incorporate by reference all other allegations in this Complaint.

32.     The Katebians and Walsh had an attorney-client relationship.

33.     As the Katebians' attorney, Walsh owed the Katebians the duty to do what an attorney of ordinary learning, judgment and skill would or would not do under the same or similar circumstances.

34.     Walsh breached the duties he owed to Plaintiffs by:

    a.     Failing to timely answer the complaint and then billing for a motion to set aside the default for failing to timely answer the complaint.

    b.     Failing to timely or properly respond to discovery requests in the Underlying Action, which caused Underlying Plaintiffs to file

numerous motions to compel or for sanctions due to Walsh's errors and not the fault of the Katebians;

c.     Billing excessive hours for work performed;

d.     Billing for services not actually performed;

e.     Billing for unnecessary services that did not advance Plaintiffs' interests in the Underlying Action;

f.     Failing to keep the Katebians reasonably informed of the status of the case;

g.     Failing to provide information that allowed the Katebians to make informed decisions about the case and otherwise failing to allow the Katebians to make strategic decisions about the case which are properly the role of the client to make;

h.     Failing to seek the lawful objectives of the Katebians; and

i.     Other acts and omissions that may be determined during the course of this action.

35.     But for Walsh's breach of his professional duty of care, Plaintiffs would have spent far less in legal fees in the Underlying Action and the Underlying Action would have terminated in Plaintiffs' favor at an earlier date.

36.     As a direct and proximate result of Walsh's professional negligence and breach of his fiduciary duty, the Katebians have suffered damages, including, but not limited to paying excessive, unearned, and unnecessary legal fees.

WHEREFORE, Plaintiffs request that this Court: (1) enter judgment in their favor and against Walsh; (2) award Plaintiffs economic and non-economic damages, including exemplary damages, together with interest, costs, and attorney fees as may be allowed by contract, statute, court rule, common law, or in equity; (3) order Walsh to disgorge fees paid by the Katebians; and (4) award such other relief, including equitable relief, as may be appropriate.

Respectfully submitted,

**ALTIOR LAW, P.C.**

By:  /s/ Kenneth F. Neuman
     **ALTIOR LAW, P.C.**
     Kenneth F. Neuman (P39429)
     Stephen T. McKenney (P65673)
     Lucy J. Budreau (P84720)
     Attorneys for Plaintiff
     401 S. Old Woodward, Suite 460
     Birmingham, MI 48009
     (248) 594-5252
     kneuman@altiorlaw.com
     lbudreau@altiorlaw.com

Dated:  May 24, 2024

7

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.


Respectfully submitted,

**ALTIOR LAW, P.C.**

By:  /s/ Kenneth F. Neuman
    **ALTIOR LAW, P.C.**
    Kenneth F. Neuman (P39429)
    Stephen T. McKenney (P65673)
    Lucy J. Budreau (P84720)
    Attorneys for Plaintiff
    401 S. Old Woodward, Suite 460
    Birmingham, MI 48009
    (248) 594-5252
    kneuman@altiorlaw.com
    lbudreau@altiorlaw.com

Dated:  May 24, 2024