UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAYAM KATEBIAN and
MORTEZA KATEBIAN

       Plaintiffs,                            Case No. 2:24-cv-11387

v.                                          Honorable Susan K. DeClercq
                                                 United States District Judge

SEAN WALSH,

       Defendant.
_____/

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

It appears that Plaintiffs Payam and Morteza Katebian have abandoned this case. On August 12, 2024, their attorneys requested to withdraw from the representation because the Katebians did not respond to their "repeated requests for substantive information" relevant to the litigation. ECF No. 8 at PageID.43–44. The Court granted the motion and stayed the case until September 16, 2024, to permit the Katebians either to retain new counsel or to decide to proceed *pro se*. ECF No. 9 at PageID.52. The Court also set a virtual status conference for September 17, 2024, and warned the Katebians that failure to appear at the conference may result in dismissal. *Id.* at PageID.53. The Katebians failed to appear at the status conference and have not contacted the Court to date.

Under Civil Rule 41(b), federal courts may *sua sponte* dismiss an action for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962). To determine whether to do so, courts consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

Here, all four factors favor dismissal. As to the first factor, while the reason why the Katebians have gone radio silent is unknown, their own former counsel's inability to contact them suggests some element of willfulness. As to the second factor, Defendant Walsh is prejudiced by the Katebians' abandonment of the case because it prevents a timely resolution of the claims against him. As to the third factor, the Katebians were explicitly warned that failure to appear at the September 17, 2024, status conference may result in dismissal. ECF No. 9 at PageID.53. As to the fourth factor, the Court has already considered less drastic sanctions than dismissal by giving the Katebians additional time to find new counsel or appear *pro se*. Their continued noncompliance leaves no viable option but to dismiss.

Accordingly, it is **ORDERED** that Plaintiffs' Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

**This is a final order and closes the above-captioned case**.

- 3 -

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 19, 2024